NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GHULAM MOHIUDDIN, <br><br> Plaintiff, <br><br> v. <br><br> SONY CORP., <br><br> Defendant. | Hon. Dennis M. Cavanaugh <br><br> **OPINION** <br><br> Civil Action No. 07-CV-0617 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court on Appeal of United States Magistrate Judge Mark Falk, filed on October 25, 2007, whereby Judge Falk held that Dr. Haider Abbas is prohibited from participating in *pro se* Plaintiff Ghulam Mohiuddin's deposition. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. For the reasons set forth below, Judge Falk's decision to preclude Dr. Abbas from participating in Plaintiff's deposition is **affirmed**.

I.   **DISCUSSION**

"Any party may appeal from a Magistrate Judge's determination of a non-dispositive matter." L. CIV. R. 72.1 (c)(1)(A). "A Judge shall consider the appeal and/or cross-appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." L. CIV. R. 72.1 (c)(1)(A). The burden of showing that a ruling is "clearly erroneous or contrary to law" rests with the party filing the appeal. See Marks v. Struble, 347 F. Supp. 2d 136, 149 (D.N.J. 2004); Cardona v. Gen. Motors Corp., 942 F. Supp. 968 (D.N.J. 1996). The standard is usually noted and applied without discussion or explanation. See, e.g., Kohlmayer v. Nat'l R.R. Passenger Corp., 124

F. Supp. 2d 877, 878 n.1 (D.N.J. 2000). Occasionally, however, courts have gone beyond merely stating the standard and fleshed-out the meaning of the standard. For example, in South Seas Catamaran, Inc. v. Motor Vessel Leeway, the court considered a Magistrate Judge's order fixing the location of a deposition. See 120 F.R.D. 17 (D.N.J. 1988). In upholding the order, the court stated that a Magistrate Judge's finding would be "clearly erroneous when, although there is evidence to support it, the reviewing Court . . . is left with a definite and firm conviction that a mistake has been committed." Id. at 21.

In the current case, Judge Falk received correspondence from Plaintiff, requesting that his "friend" and "moral supporter," Dr. Abbas, be permitted to attend his deposition and act as his translator. Defendant Sony Electronics Inc. submitted opposition. On October 5, 2007, Plaintiff submitted a second letter requesting that "[P]laintiff be allowed to bring his friend Dr. Abbas for the hearing and allow Dr. Abbas to help [P]laintiff with his file as needed." Defendant submitted further opposition on October 18, 2007. On October 19, 2007, the Court received a third letter from Plaintiff reiterating his request that Dr. Abbas be permitted to attend his deposition.

Defendant has articulated legitimate concerns regarding Dr. Abbas's participation in the deposition. Plaintiff's desires for "help" and "moral support" are either inappropriate or otherwise outweighed by Defendant's entitlement to an accurate and complete deposition. The possibility of Dr. Abbas influencing Plaintiff's testimony constitutes a "clearly defined and serious injury," Pansy v. Borough of Stroudsburgh, 23 F.3d 772, 786 (3d Cir. 1994), which entitles Defendant to the Court's protection. Despite Judge Falk's concerns, Judge Falk permitted Dr. Abbas to attend the deposition, but not participate in any way, namely speaking, translating or conferring with Plaintiff.

Accordingly, Judge Falk concluded that it is appropriate in this case to preclude Dr.

Abbas's participation from Plaintiff's deposition.

The Court has reviewed this matter and agrees with Judge Falk's reasoning as set forth in the Report and Recommendation. Furthermore, Judge Falk's decision is neither erroneous nor contrary to law. Accordingly, this Court adopts Judge Falk's decision in its entirety.

## II.   CONCLUSION

For the reasons stated, it is the finding of this Court that Judge Falk's decision to preclude Dr. Abbas from participating in Plaintiff's deposition is hereby **affirmed**.

_____
Dennis M. Cavanaugh, U.S.D.J.

Date:   January 31, 2008
Orig.:  Clerk
cc:     Counsel of Record
        Hon. Mark Falk, U.S.M.J.
        File